IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  3:96cr65/LAC

MARCUS TALLEY

_____/

**O R D E R**

This cause is before the Court on a psychological examination report, filed in accordance with Title 18, United States Code, Section 4247, by licensed psychologist James D. Larson, Ph.D., after his examination of the Defendant. Based upon the content of the report, the Court finds that further examination of the Defendant under a controlled setting is warranted.

While Dr. Larson was unable to conduct an interview of Defendant due to Defendant's refusal to participate, he nonetheless was able to conduct a number of tests and form opinions based on Defendant's psychological history, previous diagnoses and recent behavior. Dr. Larson also interviewed with one United States Deputy Marshal who was present and helped to subdue the Defendant during the Defendant's outburst at the August 21, 2006, hearing held by this Court. *See* docs. 644, 647.

As Dr. Larson details, Defendant is diagnosed with Paranoid Schizophrenia and Antisocial Personality Disorder. Further, the battery of assessment tests that Dr. Larson used

indicate that Defendant is likely Psychopathic.  As far as Defendant's competence to stand trial, while Dr. Larson determined that Defendant likely was able to understand the judicial process and the proceedings against him, he was less certain as to whether Defendant would be able to assist properly in his own defense.  Because of Dr. Larson's inability to interview the Defendant, he was unable to draw a firm conclusion regarding Defendant's competence to stand trial.  Dr. Larson was able to say that there was a substantial probability that Defendant would regain competence in the foreseeable future since most schizophrenics do so after medical treatment.  Alternatively, Dr. Larson hypothesized that, because schizophrenics generally respond to treatment but Defendant has not, there is a distinct possibility that Defendant is malingering.  Here again, Dr. Larson's inability to conduct an interview precluded any conclusions in this regard.

Consequently, this Court requires more psychiatric inquiry into Defendant's mental state before a determination can be made as to whether Defendant will regain competence to stand trial in the foreseeable future.  The Court will therefore order further psychiatric examination in federal custody, which should be conducted with Dr. Larson's impressions in mind.  *Examination and institutional observation shall specifically be employed to determine whether Defendant is indeed malingering as Dr. Larson suggests.*  The results of these examinations shall be reported to the Court, and the Court will at that time order the Defendant to again be evaluated by Dr. Larson if necessary and if it appears Defendant will be receptive to such an interview.

It also bears noting that, based upon Defendant's diagnoses, his history and his recent behavior in the courtroom and in the interview setting, Dr. Larson also found that Defendant would pose a substantial risk of injury to others or damage to property if released.  Especially given this Court's own impressions of Defendant's courtroom behavior, this Court places great stock in Dr. Larson's psychiatric analysis of the Defendant, especially since he went to great lengths to gather available information and performed a battery of tests based upon the information he was able to collate.  By contrast, although Defendant's evaluators in the prison setting were impressed by Defendant's improved behavior and the lack of behavioral incidents within the prison population, there is little analysis to reconcile this with the fact that Defendant maintains his delusional thinking which, in Dr. Larson's clearly stated opinion, makes it likely that Defendant would return to violent behavior upon release into what would be a significantly less structured environment.  For this reason, the Court strongly urges that those with custody over Defendant consider reassessing him as a candidate for civil commitment under Title 18, United States Code, Section 4246.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, in accordance with Title 18, United States Code, Section 4241, defendant undergo psychiatric or psychological evaluation by the appropriate personnel at FMC Rochester.  In accordance with Title 18, United States Code, Section 4247(c), a report of the examination shall be filed with the Court, with copies provided to counsel for Defendant and to the attorney for the Government.  The examination shall be conducted and findings reported as soon as practicable, not to exceed four months, and shall include:

(a) the person's history and present symptoms;

(b) a description of the psychiatric, psychological, and medical tests that were employed and the results;

(c) the examiner's findings;

(d) the examiner's opinion as to diagnosis and prognosis;

(e) the examiner's opinion as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, or to knowingly enter a plea of guilty;

(f) the examiner's opinion as to the exact nature and extent of any mental disease, defect, or other mental condition of the Defendant, *to include the degree and/or likelihood that Defendant may be malingering*;

(g) if the Defendant is so found to be mentally incompetent, the examiner's opinion as to whether there is a substantial probability that in the foreseeable future the Defendant will regain competence or attain the capacity to permit trial to proceed;

(h) any recommendation the examiner may have as to how the mental condition of the defendant should affect any sentence that may be imposed.

The United States Marshal is directed to transport Defendant to FMC Rochester at the earliest possible time and in the most expeditious manner for this evaluation.

The Clerk of the Court is directed to furnish a copy of this Order to the individuals named below.

**ORDERED** on this 31st day of October, 2006.

_s/ L.A. Collier_
Lacey A. Collier
Senior United States District Judge

cc:
United States Marshal
Chief of Psychology, FMC Rochester
James D. Larson, Ph.D.