IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  3:96cr65/LAC

MARCUS TALLEY

_____/

**O R D E R**

    This cause is before the Court on Defendant's Renewed Motion to Recuse or in the Alternative to Dismiss Indictment or Order the Defendant's Release (doc. 661).  The Government has not filed a response to the motion.  Also before the Court is the latest psychological report prepared by staff members at FMC Rochester (doc. 661, ex. A) where Defendant was evaluated pursuant to Court order.

    As the report makes clear, Defendant's mental illness prevents him from being able to assist properly in his own defense, thus rendering him incompetent to stand trial.  As further detailed, Defendant's condition is unlikely to improve to the extent that he would ever regain competence to assist in his own defense.  Additionally, it is noted that Defendant has been detained for ten years in anticipation of a trial that will never occur.  Accordingly,

pursuant to 18 U.S.C. § 4241 and *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), the indictment is due to be dismissed.[1]

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Renewed Motion to Recuse or in the Alternative to Dismiss Indictment or Order the Defendant's Release (doc. 661) is **DENIED** insofar as it seeks recusal of the undersigned, is **GRANTED** insofar as it seeks dismissal of the indictment, and is further **DENIED** in all other respects.

**ORDERED** on this 16th day of July, 2007.

                                                                       s/ *L.A. Collier*
                                                                       Lacey A. Collier
                                                                       Senior United States District Judge

---

[1] The actions by this Court should not be taken as an indication that it has discounted or overlooked Defendant's history of violent behavior. This Court holds only that the pending charges can no longer be held over someone who will never be held competent to defend against them. While the psychological report discusses Defendant's behavioral history both inside and outside of the institutional setting, it concluded that Defendant's violent propensities are not connected to his mental problems such that civil commitment could be recommended. Moreover, Defendant has been civilly committed once already and was released from such commitment. As a result, there are simply no grounds under which Defendant may be held under federal custody. It is also noted that the State of Florida retains custody over Defendant with its own pending charges. In this difficult area of custody over the mentally infirm, the law prefers state custody and care of the individual. See 18 U.S.C. § 4246.